## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CAROL ROGERS,**

    **Plaintiff,**

v.                                       Case No:

**BARCLAYS BANK DELAWARE**
**d/b/a JUNIPER BANK**,
                                       **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

### PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT

**COMES NOW**, Plaintiff, **CAROL ROGERS** ("Ms. Rogers" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**, BARCLAYS BANK DELAWARE d/b/a JUNIPER BANK** ("Defendant"), and in support thereof states as follows:

### *Introduction*

1.    This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 et. seq. ("FCCPA"), in attempting to collect such Debt i. by continuing to call Ms. Rogers' cellular telephone after she demanded that Defendant stop contacting her, ii. and after she notified Defendant that she was represented by counsel with respect to the alleged Debt, iii. by continuing to directly

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Rogers v. Barclays Bank Delaware d/b/a Juniper Bank*
Page **1** of **12**

contact Ms. Rogers, iv. by continuing to directly send her collection e-mails in attempts to collect the Debt, and v. by directly mailing Ms. Rogers collection letters in attempts to collect the Debt, which can all reasonably be expected to harass Ms. Rogers.

### *Jurisdiction and Venue*

1. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA pursuant to 28 U.S.C. § 1331.

2. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

3. Plaintiff, Ms. Rogers, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

4. Ms. Rogers is the "called party" as referenced in the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), for all calls placed to cellular telephone number 612-***-4447 ("Ms. Rogers' Cellular Telephone").

5. At all times material hereto, Defendant was and is a bank with its headquarters in the state of Delaware, located at 125 South West Street, Wilmington, DE 19801.

### *Statements of Fact*

6. Ms. Rogers opened a credit card account for personal use with Defendant ("Account").

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Rogers v. Barclays Bank Delaware d/b/a Juniper Bank*
Page **2** of **12**

7. Sometime thereafter, Ms. Rogers encountered financial difficulties and fell behind on her payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

8. In or around June of 2019, Defendant began placing calls directly to Ms. Rogers' Cellular Telephone in attempts to collect the Debt.

9. On July 3, 2019, Ms. Rogers spoke with Defendant and told Defendant that she could not afford payments towards the Debt and anticipated filing bankruptcy soon, was represented by an attorney with respect to the Debt, and demanded that Defendant stop calling her Cellular Telephone.

10. In the same conversation, Ms. Rogers provided her attorney's contact information to Defendant and demanded that Defendant forward all future communication to her attorney.

11. Despite Ms. Rogers's demand that Defendant's calls stop and her notice of attorney representation to Defendant, Defendant continued to place direct calls to Ms. Rogers' Cellular Telephone in attempts to collect the Debt.

12. Defendant has placed at least one-hundred (100) calls to Ms. Rogers' Cellular Telephone during the time period from July 3, 2019 to the present.

13. Further, Defendant placed up to four calls in a single day to Ms. Rogers' Cellular Telephone for eighteen separate days during the relevant time period.

14. Defendant has called Ms. Rogers' Cellular Telephone from several different telephone numbers, including but not limited to: 866-456-0677 and 866-408-4070.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Rogers v. Barclays Bank Delaware d/b/a Juniper Bank*
Page **3** of **12**

15. All of Defendant's calls to Ms. Rogers' Cellular Telephone were placed in an attempt to collect the Debt.

16. Ms. Rogers was harassed due to the timing and frequency of Defendant's calls.

17. Defendant also continued to send e-mails directly to Ms. Rogers in attempts to collect the Debt.

18. For example, on or around July 19, 2019, Defendant sent an e-mail to Ms. Rogers in attempts to collect the Debt ("Collection E-mail 1"). *See* **Exhibit A.**

19. Collection E-mail 1 was sent directly to Ms. Rogers's e-mail address, demanded a minimum payment of $543.03 by a due date of August 14, 2019, represented the statement balance as $6,617.65, represented that "this is an attempt to collect a debt and any information received will be used for that purpose," and offered options to pay that included online payment. *See* **Exhibit A.**

20. On or around July 23, 2019, Defendant sent another e-mail to Ms. Rogers in attempts to collect the Debt ("Collection E-mail 2"). *See* **Exhibit B.**

21. Collection E-mail 2 was sent directly to Ms. Rogers's e-mail address, demanded a minimum payment of $349.72 by a due date of August 1, 2019, and offered options to pay including Barclaycard mobile app, mail, telephone, or online payment. *See* **Exhibit B.**

22. In August of 2019, Defendant sent several more e-mails directly to Ms. Rogers in attempts to collect the Debt.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Rogers v. Barclays Bank Delaware d/b/a Juniper Bank*
Page **4** of **12**

23. All of Defendant's e-mails were sent directly to Ms. Rogers, represented that "Your Home Depot Card is past due" and "the purpose of this communication is to collect a debt and any information obtained will be used for that purpose," demanded a minimum payment by respective due dates, represented that "this is an attempt to collect a debt and any information received will be used for that purpose," and offered payment options including Barclaycard mobile app, mail, telephone, or online payment. *See* **Composite Exhibit C.**

24. All of Defendant's e-mails to Ms. Rogers were sent in an attempt to collect the Debt.

25. On or around August 16, 2019, Defendant also sent a collection letter directly to Ms. Rogers' home address ("Collection Letter 1"). *See* **Exhibit D.**

26. Collection Letter 1 was sent directly to Ms. Rogers' address, demanded a minimum payment of $768.73 by a due date as soon as possible, represented that "your account is three months past due," and offered options to pay including mail, telephone, or online payment.

27. Defendant has harassed Ms. Rogers by continuing to directly contact her despite her demand that Defendant stop contacting her and despite having actual knowledge that Ms. Rogers was represented by counsel with respect to the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*

28. Plaintiff re-alleges paragraphs 1-27 and incorporates the same herein by reference.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Rogers v. Barclays Bank Delaware d/b/a Juniper Bank*
Page **5** of **12**

29. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

30. Ms. Rogers revoked consent to have Defendant call her Cellular Telephone by the use of an automatic telephone dialing systems ("ATDS") or artificial voice or prerecorded message on July 3, 2019 when she expressly told Defendant to stop calling her Cellular Telephone.

31. Despite Ms. Rogers demand that Defendant stop calling her Cellular Telephone, Defendant called Ms. Rogers' Cellular Telephones at one-hundred (100) times.

32. Defendant did not place any emergency calls to Ms. Rogers' Cellular Telephone.

33. Defendant willfully and knowingly placed non-emergency calls to Ms. Rogers' Cellular Telephone.

34. Ms. Rogers knew that Defendant called Ms. Rogers' Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Defendant on her Cellular Telephone before a live representative of Defendant came on the line.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Rogers v. Barclays Bank Delaware d/b/a Juniper Bank*
Page **6** of **12**

35. Ms. Rogers knew that Defendant called Ms. Rogers' Cellular Telephone using a prerecorded voice because Defendant left Ms. Rogers at least one voicemail using a prerecorded voice.

36. Defendant used an ATDS when it placed at least one call to Ms. Rogers' Cellular Telephone.

37. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Ms. Rogers' Cellular Telephone.

38. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Ms. Rogers' Cellular Telephone.

39. Under information and belief, Defendant used an ATDS when it placed at least fifty calls to Ms. Rogers' Cellular Telephone.

40. Under information and belief, Defendant used an ATDS when it placed at least seventy-five calls to Ms. Rogers' Cellular Telephone.

41. Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Rogers' Cellular Telephone.

42. At least one call that Defendant placed to Ms. Rogers' Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

43. At least one call that Defendant placed to Ms. Rogers' Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Rogers v. Barclays Bank Delaware d/b/a Juniper Bank*
Page **7** of **12**

44. At least one call that Defendant placed to Ms. Rogers' Cellular Telephone was made using a telephone dialing system that uses a random number generator.

45. At least one call that Defendant placed to Ms. Rogers' Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

46. At least one call that Defendant placed to Ms. Rogers' Cellular Telephone was made using a prerecorded voice.

47. Defendant has recorded at least one conversation with Ms. Rogers.

48. Defendant has recorded more than one conversation with Ms. Rogers.

49. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Rogers, for its financial gain.

50. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Rogers' Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

51. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Rogers, despite individuals like Ms. Rogers revoking any consent that Defendant believes it may have to place such calls.

52. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Rogers v. Barclays Bank Delaware d/b/a Juniper Bank*
Page **8** of **12**

to individual's cellular telephones, like the calls that it placed to Ms. Rogers' Cellular Telephone.

53. Defendant has corporate policies to abuse and harass consumers like Ms. Rogers despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

54. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

55. Defendant has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

56. Defendant's actions harmed Ms. Rogers by causing her to lose sleep.

57. Defendant's actions harmed Ms. Rogers by causing her anxiety.

58. Defendant's actions harmed Ms. Rogers by causing her emotional distress.

59. Defendant's actions harmed Ms. Rogers by causing her stress.

60. Defendant's actions harmed Ms. Rogers by causing her embarrassment.

61. Defendant's actions harmed Ms. Rogers by harming her reputation.

62. Defendant's actions harmed Ms. Rogers by invading her privacy.

63. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Rogers v. Barclays Bank Delaware d/b/a Juniper Bank*
Page **9** of **12**

    b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

    c. Awarding Plaintiff costs;

    d. Ordering an injunction preventing further wrongful contact by the Defendant; and

    *e.* Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

64. Ms. Rogers re-alleges paragraphs 1-27 and incorporates the same herein by reference.

65. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Ms. Rogers' Cellular Telephone after Ms. Rogers demanded that Defendant stop calling her Cellular Telephone, which can reasonably be expected to harass Ms. Rogers.

    b. Defendant violated Fla. Stat. § 559.72(7) by continuing to send e-mails and letters directly to Ms. Rogers despite Ms. Roger's demands that Defendant stop contacting her directly, which can reasonably be expected to harass Ms. Rogers.

    c. Defendant violated Fla. Stat. § 559.72(18) by directly contacting the Ms. Rogers after Defendant knew that Ms.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Rogers v. Barclays Bank Delaware d/b/a Juniper Bank*
Page **10** of **12**

Rogers was represented by an attorney with respect to such Debt and had knowledge of, or can readily ascertain, such attorney's name and address.

66. As a result of the above violations of the FCCPA, Ms. Rogers has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

67. Defendant's actions have damaged Ms. Rogers by violating her right to not be contacted directly regarding the Debt when Defendant had actual knowledge that Ms. Rogers was represented by counsel with respect to the Debt.

68. Defendant's actions harmed Ms. Rogers by causing her to lose sleep.

69. Defendant's actions harmed Ms. Rogers by causing her anxiety.

70. Defendant's actions harmed Ms. Rogers by causing her emotional distress.

71. Defendant's actions harmed Ms. Rogers by causing her stress.

72. Defendant's actions harmed Ms. Rogers by causing her embarrassment.

73. Defendant's actions harmed Ms. Rogers by harming her reputation.

74. Defendant's actions harmed Ms. Rogers by invading her privacy.

75. It has been necessary for Ms. Rogers to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

76. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Rogers v. Barclays Bank Delaware d/b/a Juniper Bank*
Page **11** of **12**

a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

b. Awarding actual damages;

c. Awarding punitive damages;

d. Awarding costs and attorneys' fees; and

e. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **CAROL ROGERS**, demands a trial by jury on all issues so triable.

Respectfully submitted this **September 26, 2019**,

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Rogers v. Barclays Bank Delaware d/b/a Juniper Bank*
Page **12** of **12**